UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MADHU SEECHERAN and
VICKAREM SEECHERAN,

                          Plaintiffs,          MEMORANDUM & ORDER

     -against-                                 13-CV-5376 (ENV) (JMA)

TAIJWATIE SEECHERAN,

                          Defendant.
-----------------------------------------------------------------x
VITALIANO, D.J.,

On September 24, 2013, plaintiffs Madhu and Vickarem Seecheran ("Madhu" and "Vickarem," respectively), appearing pro se, filed this action against defendant Taijwatie Seecheran ("Taijwatie"). They seek $31,452.29 in damages. The Court grants plaintiffs' requests to proceed in forma pauperis, but dismisses the complaint for lack of subject matter jurisdiction.

## Background

This is a family dispute. Madhu and his son, Vickarem, sue Taijwatie who is Vickarem's mother.[1] Plaintiffs allege that, in early 2012, they learned from a clerk at their local Social Security Office that Taijwatie collected a total of $31,452.29 in disability benefits on behalf of Vickarem, who was a minor, from January 1994 to April 2002. Plaintiffs now claim that those funds were not used for Vickarem's

---

[1] The facts are drawn from the plaintiffs' complaint and attached exhibits.

benefit. Plaintiffs state that, from January 1994 to April 2002, the family lived at 21 Essex Street in Brooklyn. They allege, though, that during that period the Social Security Administration ("SSA") mailed checks intended for Vickarem's benefit to 611 West 204 Street, Apartment 2G in Manhattan, which, plaintiffs assert, is the address where, at the time, Taijwatie's family lived and where she currently resides. Plaintiffs claim that Taijwatie made those arrangements with SSA as part of a successful scheme to misappropriate payments meant for her son. Plaintiffs affirm that, during the relevant period, Madhu was the sole person financially responsible for Vickarem, including his disability-related expenses, and that Madhu never received or spent any SSA funds on Vickarem's behalf.

## Legal Standards

"[N]ot every action has a home in federal court." Cadet v. ADP, No. 11–CV–3240, 2011 WL 4072307, at *1 (E.D.N.Y. Sept.13, 2011). In order to invoke a federal court's limited jurisdiction, a plaintiff must either plead a claim "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or show that the action is between citizens of different states for an amount exceeding $75,000, 28 U.S.C. § 1332. See also Cadet, No. 11–CV–3240, 2011 WL 4072307, at *1. It is a plaintiff's burden to plead and prove subject matter jurisdiction. Standard Chartered Bank Malaysia Holdings v. Lehman Bros. Asia Holdings Ltd., No. 08-CV-8152, 2008 WL 4355355, at *1 (S.D.N.Y. Sept. 22, 2008); Sty–Lite Co. v. Eminent Sportswear Inc., 115 F. Supp. 2d 394, 399 (S.D.N.Y. 2000) (citing Universal

Reinsurance Co. v. St. Paul Fire and Marine Ins. Co., 224 F.3d 139, 140 (2d Cir. 2000)). "[F]ailure to plead facts which bring an action within a court's jurisdiction warrants dismissal of the action," Argo Trades S.A. v. Petkim Petrochemicals Trading FZE, No. 09-CV-171, 2009 WL 90340, at *1 (S.D.N.Y. Jan. 14, 2009).

As plaintiffs are proceeding pro se, the Court holds their complaint to a less stringent standard than one drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and it must be construed liberally and interpreted "to raise the strongest claims that [it] suggest[s]." Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006). Nonetheless, even a pro se plaintiff must establish that a federal court has subject matter jurisdiction to hear the case. See, e.g., Rene v. Citibank N.A., 32 F. Supp. 2d 539, 541–42 (E.D.N.Y. 1999) (dismissing a pro se complaint for lack of subject matter jurisdiction).

## Discussion

Read liberally, the complaint fails to plead facts that would confer jurisdiction on this Court. Plaintiffs suggest no basis for either federal question or diversity jurisdiction.

While their claims charge a misuse of funds that originated with a federal agency, the only named party in the action is Taijwatie. If what plaintiffs say is true, quite possibly, the real victim of the alleged misappropriation scheme is SSA, and not Vickarem. However, the Court is unaware of any provision of the Social Security Act that would authorize a private right of action on behalf of a beneficiary

3

wrongfully denied SSA benefits by the conduct a third party, in this case, Taijwatie. Nor, as self-represented parties can plaintiffs bring an action on behalf of the United States to recoup the allegedly misappropriated disability payments, see United States ex rel. Mergent Servs. v. Flaherty, 540 F.3d 89, 90 (2d Cir. 2008) (affirming that private persons proceeding pro se are barred from bringing False Claims Act qui tam actions as relators for the United States), that a party represented by an attorney might be able to bring, see United States ex rel. McCandliss v. Sekendur, 282 F. App'x 439, 440-41 (7th Cir. 2008) (upholding the district court's judgment in favor of a qui tam plaintiff, represented by counsel, who claimed that a third party fraudulently applied for and received disability benefits from SSA). Moreover, wading through their allegations, plaintiffs have no gripe with SSA. Impliedly, they contend that Vickarem was entitled to disability benefits and Taijwatie, as his mother, was entitled to apply for them on behalf of her minor child. Plaintiffs' gripe is that Taijwatie misappropriated those funds—an ordinary tort claim against her for conversion. Such claims do not "arise under" federal law within the meaning of § 1331. Federal question jurisdiction, as a consequence, is lacking.

There is also no basis for diversity jurisdiction in this case. Plaintiffs assert that all parties resided at the same address in Brooklyn during the period when Vickarem's SSA disability benefits were allegedly misappropriated by Taijwatie. Moreover, it is clear from the complaint that, currently, all parties continue to reside in the state of New York, and, in fact, there is no indication that any of the

4

parties has ever resided anywhere else. Finally, even if the parties were domiciled in different states for diversity purposes, the Court still would not have subject matter jurisdiction over this case because plaintiffs are seeking only $31,452.29 in damages, which is well below § 1332's threshold amount-in-controversy requirement of $75,000.

## Conclusion

For all these reasons, the action is dismissed for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to close this case and enter judgment.

SO ORDERED.

Dated: Brooklyn, New York
October 17, 2013

s/ ENV

ERIC N. VITALIANO
United States District Judge

5